# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JAMES DAVID JOHNSON, JR,
        Appellant,

      v.

DEPARTMENT OF THE NAVY,
        Agency.

DOCKET NUMBER
PH-3443-14-0812-I-1

DATE: September 8, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>James David Johnson, Jr.</u>, Tappahannock, Virginia, pro se.

<u>Steven Lippman</u>, Washington Navy Yard, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction his appeal concerning an alleged constructive reduction in grade and pay. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 Effective January 28, 2013, the agency promoted the appellant from a GS-07 Firefighter (Basic Life Support/Hazmat Technician) position in Dahlgren, Virginia, to a GS-08 Firefighter (Intermediate Life Support) position in Indian Head, Maryland. Initial Appeal File (IAF), Tab 8 at 14. As a condition of employment in that position, the appellant was required to maintain a state or national "Intermediate Life Support (EMT-1) certification." *Id*. at 17. The appellant only holds such a certification from the state of Virginia; he does not hold a national certification or a certification from the state of Maryland. IAF, Tab 5 at 4.

¶3 Upon the appellant's promotion, the agency instructed him that he would need to obtain a national certification within 1 year. IAF, Tab 10 at 7-8. The appellant took the national certification test multiple times, but was unable to pass. *Id*. at 5, 8. On February 17, 2014, the appellant's supervisor called him at home and asked that, in light of his failure to obtain a national certification for over a year since his promotion, the appellant send an email requesting to be

placed back in his former position.[2]  *Id*. 7.  The following day, the appellant sent his supervisor an email that read as follows:

> Chief,
>
> As I have made you aware I did not pass the Paramedic test and now have to go back through some education I apology [sic] to the department for my failure, especially too [sic] Chief [M.] and yourself, and I will go back and finish this.  You two were my best best supporters and I am ashamed that I let you down.
>
> With that, for now I ask to be placed back as a fireman, until I reach my goal, then I hope again to move back to a Paramedic slot.

IAF, Tab 8 at 25.

¶4    Effective April 6, 2014, the agency reduced the appellant in grade from GS-08 to GS-07.  *Id*. at 26.  The appellant's rate of basic pay also was reduced.  *Id*.  The Standard Form 50 documenting the reduction in grade and pay noted that the action was at the appellant's request.  *Id*.

¶5    On July 23, 2014, the appellant filed a Board appeal challenging his reduction in grade and pay and requesting a hearing.  IAF, Tab 1 at 3-4.  The administrative judge notified the appellant that the Board might not have jurisdiction over the appeal because the reduction in grade and pay appeared to be voluntary.  IAF, Tab 2 at 2.  He ordered the appellant to file evidence and argument showing that these personnel actions were involuntary due to duress, coercion, or misrepresentation.  *Id*.  After the parties filed evidence and argument on the issue, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction without a hearing because the appellant failed to make a nonfrivolous allegation that his reduction in grade and pay was involuntary.  IAF, Tab 16, Initial Decision (ID).  The administrative judge noted that there was a timeliness issue, but having dismissed the appeal for lack of jurisdiction, he declined to reach it.  ID at 6.

---

[2] Intermediate Life Support certification is not a requirement for the GS-07 position. IAF, Tab 8 at 28-31.

¶6  The appellant has filed a petition for review, arguing that his reduction in grade and pay was involuntary due to misinformation and duress, and because the agency failed to allow him to withdraw his request. Petition for Review (PFR) File, Tab 1 at 4-5. The appellant also argues that the agency failed to follow the procedures of 5 C.F.R. § 511.701. *Id*. at 5. He further argues that the administrative judge misled him into believing that there would be a hearing. *Id*. at 3, 5-6. The agency has filed a response to the petition for review, PFR File, Tab 3, and the appellant has filed a reply to the agency's response, PFR File, Tab 4.

¶7  The Board lacks jurisdiction over appeals of employees' voluntary actions. *O'Clery v. U.S. Postal Service*, 67 M.S.P.R. 300, 302 (1995), *aff'd*, 95 F.3d 1166 (Fed. Cir. 1996) (Table); 5 C.F.R. § 752.401(b)(9). However, employee-initiated actions that appear voluntary on their face are not always so. *Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶ 7 (2013). For instance, even if an employee applies for and accepts a reduction in grade or pay, that action may nevertheless be appealable under 5 U.S.C. chapter 75 if the employee can show that the agency improperly deprived him of any meaningful choice in the matter. *E.g.*, *Jones v. Department of Agriculture*, 117 M.S.P.R. 276, ¶ 15 (2012); *Goodwin v. Department of Transportation*, 106 M.S.P.R. 520, ¶ 15 (2007).

¶8  On review, the appellant argues that his reduction in grade and pay was involuntary under several theories. First, he argues that his request for a reduction in grade and pay was based on misinformation because he actually met the requirements of the GS-08 position through his Virginia Intermediate Life Support certification. PFR File, Tab 1 at 4-5, Tab 4 at 5-6. Specifically, he argues that the agency allows other individuals to remain in that position without either national certification or certification from the jurisdiction in which they are stationed, PFR File, Tab 1 at 4, Tab 4 at 6, that the agency sent an email congratulating him on his promotion even though it knew he only had a Virginia certification at the time, PFR File, Tab 4 at 5-6; IAF, Tab 4 at 22, and that the

vacancy announcement did not state that a Maryland or national certification was required, PFR File, Tab 1 at 4-5; IAF, Tab 8 at 20-23.

¶9        Regarding the other employees whom the agency supposedly allows to work without certification from the appropriate state or national registry, the appellant has not identified who these employees are or what positions they encumber. Regarding the email congratulating the appellant on his appointment, we see nothing in that email inconsistent with a requirement that the appellant hold an Intermediate Life Support certification proper to the jurisdiction in which he would be working.  IAF, Tab 4 at 22.  Rather, it is consistent with the agency's instruction that the appellant would need to obtain such certification within 1 year of his promotion.  IAF, Tab 10 at 8.  Regarding the vacancy announcement, although the announcement itself does not reflect the need for an Intermediate Life Support certification, it refers the reader to the Office of Personnel Management's Qualification Standards web page for further information.  IAF, Tab 8 at 21.  The Qualification Standards web page in turn refers the reader to the Department of Defense Fire and Emergency Services Program Manual, DoD 6055.06-M.  Classification & Qualifications, Office of Personnel Management, https://www.opm.gov/policy-data-oversight/classification-qualifications/general-schedule-qualification-standards/0000/fire-protection-and-prevention-series-0081/ (last visited Sept. 3, 2015).  This Manual reflects that the Firefighter (Intermediate Life Support) position requires an Emergency Medical Technician – Intermediate certification, which "must be issued by the State or national registry."  DoD6055.06-M at 14 & n.3 (Feb. 2006), *available at* http://www.dtic.mil/whs/directives/ corres/pdf/605506m.pdf.  For the reasons stated in the initial decision, we agree with the administrative judge that the appellant failed to make nonfrivolous allegations of involuntariness as to these claims.  ID at 5-6.

¶10        The appellant also argues that he was under duress when he requested the reduction in grade and pay because his supervisor told him that "if he did not take the downgrade, he would be out of a job."  PFR File, Tab 1 at 4.  The appellant

further argues that he was on extended sick leave and taking pain medication during this time. PFR File, Tab 4 at 6. However, the fact that an appellant is presented with a choice between two unpleasant alternatives does not render his decision involuntary. *Bahrke v. U.S. Postal Service*, 98 M.S.P.R. 513, ¶ 12 (2005). As explained above, the appellant's supervisor was correct that the appellant lacked the proper certification to remain in the GS-08 position. Therefore, the choice between accepting a return to the GS-07 position and facing removal was not a choice between false alternatives. *Cf. Gutierrez v. U.S. Postal Service*, 90 M.S.P.R. 604, ¶ 9 (2002) (recognizing that a choice between false alternatives can support a finding that a decision was involuntary). There is no indication that the appellant's supervisor knew or believed that the appellant's removal could not be substantiated or that an arguable basis for removal did not exist. *See Sullivan v. Department of Veterans Affairs*, 79 M.S.P.R. 81, ¶ 85 (1998). We also agree with the administrative judge that, for the reasons explained in the initial decision, the appellant failed to make a nonfrivolous allegation that his reduction in grade and pay was involuntary due to the medication that he was on at the time. ID at 4-5. This is especially so considering that the reduction in grade and pay did not go into effect until nearly 2 months later.

¶11    In this regard, the appellant argues that the agency failed to notify him that he could withdraw his request. PFR File, Tab 1 at 4-5, Tab 4 at 7-8. He argues that a case named "*Freedom v. Department of Justice*" supports his position. PFR File, Tab 1 at 5, Tab 4 at 7. The appellant does not give a full citation to the case to which he is referring, and we were unable to find a Board or Federal Circuit case with the same or similar caption. In any event, the appellant has not identified any law, rule, or regulation that would require the agency to inform him that he could withdraw his request for a reduction in grade and pay prior to its effective date. Notably, the appellant did not actually request a withdrawal. *Cf. Loredo v. Department of the Treasury*, 118 M.S.P.R. 686, ¶ 10 (2012) (an

agency's refusal to honor an attempted withdrawal of a request for reduction in grade and pay may provide a basis for finding a constructive adverse action within the Board's jurisdiction).

¶12     The appellant further argues that the agency failed to follow the procedural requirements of 5 C.F.R. § 511.701 in effecting his reduction in grade and pay. PFR File, Tab 1 at 5, Tab 4 at 7-9.  However, it is not clear to us how the agency's alleged failure to follow this regulation could have rendered the appellant's reduction in grade and pay involuntary.  We agree with the administrative judge that it appears to be an allegation of harmful procedural error, which we need not reach in light of the dismissal for lack of jurisdiction. ID at 6.  Moreover, it does not appear to us that 5 C.F.R. § 511.701 applies to this case because that regulation pertains to classification actions, and there is no indication that either of the appellant's positions were subjected to a classification action during the relevant time period.

¶13     Finally, the appellant argues that the administrative judge misled him into believing that there would be a hearing in this appeal.  PFR File, Tab 1 at 3, 5-6, Tab 4 at 8.  We agree with the appellant that the administrative judge's October 16, 2014 order suspending case processing could have lead a reasonable person to believe that a hearing would be held.  IAF, Tab 14.  The order instructed the parties "to prepare for a jurisdictional hearing in this matter pertaining to the voluntariness of the appellant's demotion and the timeliness of his appeal of that action." *Id*.  It also promised a scheduling order at the end of the suspension period, but a scheduling order was never issued. *Id*.  Nevertheless, we find that the appellant was not harmed by this procedural error because the record on jurisdiction had already closed according to the terms of the acknowledgment order.  IAF, Tab 2 at 2; *see Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981) (an  administrative judge's procedural error is of no legal consequence unless it is shown to have adversely affected a party's substantive rights).  In other words, the jurisdictional record was already

complete, and the appellant did not rely to his detriment on the suspension order by foregoing the timely submission of information that could have established his right to a jurisdictional hearing. *Cf. Jarrard v. Department of Justice*, 113 M.S.P.R. 502, ¶ 11 (2010) (the administrative judge committed harmful procedural error when she failed to issue a close of the record order prior to issuing an initial decision without a hearing because it was not clear to the parties that they would have no further opportunity to develop the record). The acknowledgment order accurately informed the appellant that he would only be afforded a hearing if he made a nonfrivolous allegation of Board jurisdiction by the close of the record date. IAF, Tab 2 at 2. We agree with the administrative judge that he failed to do so.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff.

Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.